Filed 12/17/14  Husser v. Busby CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JOHN H. HUSSER, | |
| Plaintiff and Appellant, | E056235 |
| v. | (Super.Ct.No. INC1104820) |
| TIMOTHY H. BUSBY, Warden of Ironwood State Prison, | **OPINION** |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Randall Donald White, Judge.  Dismissed.

John H. Husser, in pro. per., for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Jennifer A. Neill, Senior Assistant Attorney General, Phillip Lindsay, and Gregory J. Marcot, Deputy Attorneys General, for Defendant and Respondent.

1

John H. Husser appeals from an order denying his petition for writ of mandate and declaratory relief (mandate petition). In his mandate petition, he alleged that officials at Ironwood State Prison (ISP) under the direction of Warden Timothy H. Busby improperly put an indefinite hold on his inmate trust account (ITA) against future deposits for payment of legal copies and postage paid by the prison while he was indigent. He insisted that under California Code of Regulations, title 15, sections 3138 and 3162, the officials could not put an indefinite hold on his account. He sought release of his ITA as he insists he was not responsible for payment of the copies or postage.

The trial court denied his claims on the merits without hearing oral argument. The trial court refused to find that the mandate petition was successive even though Husser had raised the same claims in a prior petition for writ of habeas corpus and/or petition for writ of mandate and declaratory relief (prior superior court petition) that he had filed in the superior court. Husser appeals the trial court's order on the grounds that (1) the trial court erred and denied his right to a fair trial by refusing to hear oral argument on the mandate petition; and (2) there was no substantial evidence to support the trial court's findings on the merits.

We would have addressed Husser's claims (and Busby's response) had we failed to discover that this is not the first time that Husser has raised these exact claims in this court. Husser filed an original petition for writ of habeas corpus and/or petition for writ of mandate and declaratory relief in this court in case Number E052435 (E052435

petition) after he filed the prior superior court petition.[1] We denied that petition on its merits. Accordingly, we dismiss the instant appeal on the basis that Husser's claims have been raised and rejected in an earlier proceeding in this court, and he has failed to allege any changed facts or law that would justify a successive petition on the same ground.

I

FACTUAL AND PROCEDURAL BACKGROUND

Husser is currently serving a thirty-years-to-life sentence for two counts of murder for which he was convicted sometime in 1999.[2] His claims in the instant appeal do not pertain to the validity of this conviction.

On June 10, 2011, Husser filed the mandate petition in the superior court. His causes of action included that all holds on his ITA against future deposits for payment of copies and postage provided to him for the period of October 2008 through February 2009 should be released because they were all for legal matters. His prayer for relief included that the hold on his account should be released.

He provided as supporting facts that there had been no money in his ITA since 2005. Despite having no money, he had incurred postage and copying costs on October 30, 2008, October 31, 2008, November 4, 2008, February 18, 2009 and February 24, 2009. He alleged these costs pertained to legal matters he was pursuing. In his mandate petition, he acknowledged he had filed the prior superior court petition raising the

---

[1]  We take judicial notice of the file in case Number E052435 on our own motion. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

[2]  Husser's claims arose while he was housed at ISP but it appears that he has since been moved to another facility.

3

identical claims. He also noted in passing that "a follow-on habeas petition was filed to the appropriate appellate court, raising the same substantive claims." He claimed he had lost all of the copies of the previous petitions. The exhibits to the mandate petition included the administrative hearings held at ISP and his ITA balance.

Busby filed a response. Busby argued that the mandate petition should be dismissed as successive based on the prior superior court petition. Further, it should be denied due to delay in presenting the claims. The denial of the prior superior court petition was included as an exhibit; it included a denial on the merits and that "this Writ of Habeas Corpus proceeding is not the forum to combine other requests such as a Petition for Writ of Mandate or Declaratory Relief." Busby also included as an exhibit the order of this court denying the E052435 petition but not the petition itself. That order stated, "The petition for writ of habeas corpus and/or mandate is DENIED."

At a hearing conducted on February 27, 2012, the trial court initially denied that the mandate petition was successive based on the filing of the prior superior court petition presumably deciding that the prior superior court petition was not decided on its merits. The parties were instructed to submit briefing on the merits of the mandate petition.

After further briefing by both parties, the matter was heard on March 26, 2012. The parties appeared telephonically. The trial court noted that neither of the parties had requested oral argument as required by the local rules. Husser objected but the trial court refused oral argument. It ruled, "The tentative is to deny. The petitioner has failed to state exactly what reimbursement was required, and that will be the order of the court."

4

On April 30, 2012, Husser filed a notice of appeal from the denial of his mandate petition.

## II

## SUCCESSIVE ACTION

The claims that Husser raises in this appeal from the mandate petition are identical to those raised in the E052435 petition which we have already concluded did not entitle him to relief.[3]  As such, the appeal should be dismissed as successive.

A.      *Additional Factual Background*

In his opening brief, Husser claims that he was litigating two cases in 2008 and 2009 while housed at ISP; he needed envelopes, postage and copying for these cases.  He obtained postage and copying on October 30, 2008, October 31, 2008, November 4, 2008, February 18, 2009, and February 24, 2009 and the cost was approximately $20.  He had no money in his ITA account and a hold was placed on his account against future deposits.  Citing to California Code of Regulations, title 15, section 3138, he insisted there should not be a hold on his account for the copying of documents related to his legal matters.[4]

---

[3]      We note that Busby has argued that the mandate petition should have been found to be successive by the trial court based on the prior superior court petition.  Busby does not discuss the E052435 petition.

[4]      California Code of Regulations, title 15, section 3138, subdivision (a) provides that "Upon an indigent inmate's request, writing paper, envelopes, a writing implement, and the postage required for five 1-ounce First-Class letters per week shall be supplied."  Subdivision (h)(1) provides that "Upon request, institutions shall also provide indigent inmates free copying of the legal documents limited to the number of copies of a document required by the court, plus one copy for the opposing party and one copy for

*[footnote continued on next page]*

We have reviewed the E052435 petition. It also alleged that he had been indigent since 2005 and had incurred postage and copying charges on October 30, 2008, October 31, 2008, November 4, 2008, February 18, 2009, and February 24, 2009. His cause of action requested a release of the hold on his ITA account for payment of the above copying and postage costs. He relied on the aforementioned provisions of the California Code of Regulations. He argued that some type of writ - - be it a writ of mandate or writ of habeas corpus - - should issue. As set forth *ante*, this court denied the E052435 petition.

B. *Analysis*

"When a habeas corpus petition is denied on the merits, the court has determined that the claims made in that petition do not state a prima facie case entitling the petitioner to relief." (*In re Clark* (1993) 5 Cal.4th 750, 770 (*Clark*).) "It has long been the rule that absent a change in the applicable law or the facts, the court will not consider repeated applications for habeas corpus presenting claims previously rejected. [Citations.]" (*Clark,* at p. 767; see also *In re Walker* (2007) 147 Cal.App.4th 533, 548.) The *Clark* court explained, "Successive petitions [] waste scarce judicial resources as the court must repeatedly review the record of the trial in order to assess the merits of the petitioner's claims and assess the prejudicial impact of the constitutional deprivation of which he complains. [¶] Willingness by the court to entertain the merits of successive petitions

---

*[footnote continued from previous page]*
the inmate's records." Subdivision (h)(3) provides, "A charge shall not be placed against future deposits to the inmate's trust account to recover the cost of materials, copying and postage provided, while the inmate was indigent."

6

seeking relief on the basis of the same set of facts undermines the finality of the judgment." (*Clark,* at p. 770.)[5]

Here, Husser's claims presented in both the appeal and the E052435 petition are identical. This court has already denied the claims on their merits. (See *Clark, supra,* 5 Cal.4th at p. 769, fn. 9 ["The denial of a habeas corpus petition without issuance of an order to show cause, often referred to as a "summary denial," does not mean that the court has not considered the merits of the claims. Unless a procedural bar is apparent, the court will determine whether the petition states a prima facie case for relief, i.e., whether it states facts which, if true, entitle the petitioner to relief. [Citation.]"].) As such, the opening brief raises issues already raised and rejected by this court.

Husser did not allege a change in the facts or law applicable to his claims in his opening brief that would excuse the filing of this successive action. We allowed Husser to file written oral argument. He now insists that he has new facts that would warrant a successive petition. However, the facts provided by Husser that his ITA has actually had money deducted from it does not change the legal claims that he has raised in his petition and the prior petition. The fact that in place of a hold on his account, the money has been taken out, does not constitute new facts warranting a successive petition. Moreover, this case does not involve any fundamental miscarriage of justice warranting an exception to

---

[5] The fact that this case involves a prior petition for writ of habeas corpus and/or petition for writ of mandate, and an appeal, does not change the analysis or outcome. Regardless of the terminology, Husser is attempting to have this court rule on a matter that has already been decided.

the rule against successive petitions.  (*Clark, supra,* 5 Cal.4th at pp. 775, 797.)  As such, we dismiss the appeal.

III

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI

Acting P. J.

We concur:

KING
       J.

MILLER
       J.